UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HEATHER M. PEDERSEN *on behalf of
herself and all others similarly situated*,

                  Plaintiff,

   -against-                                  **ORDER**
                                                18-CV-760 (JMA) (ARL)

MULLOOLY, JEFFREY, ROONEY &
FLYNN LLP,

                  Defendant.
-------------------------------------------------------X

**AZRACK, District Judge:**

On February 2, 2018, through her attorney Mitchell Pashkin, plaintiff Heather M. Pederson commenced this action against Mullooly, Jeffrey, Rooney & Flynn LLP.

On April 13, 2018, counsel for defendant filed a letter requesting a pre-motion conference concerning a motion to dismiss. Plaintiff never responded to the letter. On May 3, 2018, counsel for defendant filed a letter requesting the Court waive the pre-motion conference requirement and set a briefing schedule. On June 4, 2018, this Court issued an Order directing that plaintiff file a response to the defendant's pre-motion letter by June 11, 2018. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. It appears that counsel for plaintiff has received each and every Notice of Electronic Filing on this case.

Plaintiff never served a response to the pre-motion letter and on June 14, 2018 defendant moved for dismissal of the action for lack of prosecution. To date, plaintiff has not responded to that motion or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.

Plaintiff has failed to respond to the defendant's pre-motion conference request, the Court's Order, and now the motion to dismiss.  The Court warned plaintiff that failure to respond could result in the dismissal of the case.  Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal.  Accordingly, the motion to dismiss for lack of prosecution is granted, plaintiff's complaint is dismissed, the request for a pre-motion conference is denied as moot, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: August 9, 2018
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE